UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW J. CHAPPELL,

               Plaintiff,

-against-

CITY OF PEEKSKILL,

               Defendant.

**ORDER**

18-CV-05901 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Andrew J. Chappell ("Plaintiff"), proceeding *pro se*, commenced this action on June 26, 2018, asserting claims pursuant to 42 U.S.C. § 1981, the Age Discrimination in Employment Act, and the New York State Human Rights Law against Defendant, City of Peekskill ("Defendant"), in connection with his termination. (Doc. 1). The matter was referred to mediation and an Order of Service was issued on August 30, 2018. (Docs. 5, 6). *Pro bono* counsel entered a limited appearance for the purpose of mediation on September 5, 2018 (Doc. 8), and Plaintiff filed an Amended Complaint shortly thereafter on September 10, 2018. (Doc. 9). On October 15, 2018 Plaintiff filed a letter advising that the matter "is presently with the SDNY Mediation Program at Seton Hall Law School." (Doc. 10). Defendant has not appeared, no affidavit of service has been filed, and Plaintiff has not filed any documents since October 15, 2018.

      On April 20, 2020, this Court issued an Order directing the parties to file a joint letter providing a status update by May 4, 2020. (Doc. 11). No letter was filed. On August 3, 2020, the Court issued another Order directing the parties to file a joint letter by August 7, 2020 and warning Plaintiff that failure to prosecute the action could result in dismissal. (Doc. 12). Again, no letter was filed. On September 23, 2020, the Court issued an Order to Show Cause warning Plaintiff that this action would be dismissed under Federal Rule of Civil Procedure 41(b), unless, on or before

October 23, 2020, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed with prejudice for want of prosecution . . . ." (Doc. 13 at 3). Over a month has passed since the October 23, 2020 deadline. No response has been filed.[1]

## **STANDARD OF REVIEW**

The Second Circuit has recognized that under Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the dispositions of pending cases and to avoid congestions in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370

---

[1] The Court notes that Plaintiff, although proceeding *pro se*, filed a Consent to Electronic Service the same day he initiated this action. (Doc. 2). Despite this fact, in an abundance of caution, the Court instructed the Clerk of the Court to mail Plaintiff copies of the August 3, 2020 Order and the September 23, 2020 Order to Show Cause. Neither of these documents have been returned to the Court.

U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

As pertinent to the present scenario, the Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## **ANALYSIS**

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to respond to three separate Orders over more than seven months. On April 20, 2020—following reassignment to this Court on April 16, 2020 (which was itself the first docket entry since October 2018)—the Court directed that the

3

parties file a joint letter providing a status update by May 4, 2020. (Doc. 11). No letter was filed. Approximately three months later, on August 3, 2020, the Court issued again directed the parties to file a joint letter and specifically warned Plaintiff that "failure to prosecute this action may result in dismissal." (Doc. 12). Again, no letter was filed. On September 23, 2020, the Court issued an Order to Show Cause directing Plaintiff to "show cause in writing on or before October 23, 2020, why this action should not be dismissed" under Rule 41(b) and cautioning that failure to comply would result in dismissal. (Doc. 13 at 3). Now, more than a month after the final deadline, still no response has been filed. This failure to comply with three orders over more than seven months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Osborn v. Montgomery*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) ("[C]ourts within this District have found five-month delay significant enough to justify dismissal."), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018); *see Pizzaro v. Bey*, No. 14-CV-507, 2018 WL 3639935, at *2 (E.D.N.Y. June 27, 2018) (recommending that the action be dismissed, *inter alia*, because the plaintiff took "no action to advance th[e] action . . . not even serving" defendants), *adopted by* 2018 WL 3637958 (E.D.N.Y. July 31, 2018).

Second, Plaintiff has twice been warned that failure to comply with the Court's directives could result in dismissal of this action. The August 3, 2020 Order cautioned "that failure to prosecute this action may result in dismissal." (Doc. 12). The September 23, 2020 Order to Show Cause warned that failure to respond would "result in dismissal of this case for want of prosecution." (Doc. 13 at 3). Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. Here, the delay here in inexcusable: Plaintiff has not complied with the Court's directives and, based upon the docket, has not taken any steps to advance this matter in more than two years.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since October 2018—the last time Plaintiff filed anything—the Court has issued three separate Orders pressing Plaintiff to participate in this litigation and he has failed to comply. There is no reason to believe that Plaintiff intends to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED. The Clerk of the Court is respectfully directed to terminate this action.

SO ORDERED:

Dated: New York, New York
November 25, 2020

_____
PHILIP M. HALPERN
United States District Judge

5